# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WADE LAVOY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-1379-M |
| UNITED SERVICES AUTOMOBILE ASSOCIATION and USAA GENERAL INDEMNITY COMPANY, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Wade Lavoy's Motion to Remand, filed January 14, 2015. On February 3, 2015, defendant United Services Automobile Association ("USAA") responded, and on February 10, 2015, plaintiff replied. On February 17, 2015, USAA filed a sur-reply. Based upon the parties' submissions, the Court makes its determination.

This instant action arises out of a claim plaintiff made under his uninsured/underinsured ("UM") automobile insurance policy after plaintiff was in an automobile accident on April 20, 2014, near Altus, Oklahoma. The insurance policy was issued by defendant USAA General Indemnity Company ("USAA GIC"). On November 13, 2014, plaintiff filed this action in the District Court of Jackson County, State of Oklahoma, alleging claims against both USAA and USAA GIC (collectively

"Defendants") for breach of insurance contract and breach of the duty of good faith and fair dealing.[1]

On December 15, 2014, USAA removed this action to this Court, asserting that this Court has diversity jurisdiction because USAA has been fraudulently joined. USAA contends there is fraudulent joinder because plaintiff's claims against USAA are prohibited, pursuant to Okla. Stat. tit. 12, § 682(B) ("Section 682"). Section 682 provides:

> No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation arising out of or in connection with their direct involvement in the same or related transaction or occurrence.

Okla. Stat. tit. 12, § 682(B). USAA asserts that as the sole shareholder of USAA GIC, plaintiff's claims against USAA are premature and will only be appropriate after judgment is obtained against USAA GIC and execution is returned unsatisfied. Plaintiff contends that USAA was not fraudulently joined because plaintiff is asserting direct claims against USAA.

---

[1] In his Petition, plaintiff alleges that USAA is the parent company of USAA GIC and that USAA GIC is under the operation and control of USAA and due to their association and organization, Defendants are each liable for the actions of the other and/or their affiliated companies. *See* Defs' Notice of Removal [docket no. 1] Ex. 4, Petition ¶ 4.

Removal statutes are strictly construed and all doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). When a non-diverse party has been joined as a defendant, then in the absence of a federal question, the removing defendant may avoid remand only by demonstrating fraudulent joinder. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). The party asserting fraudulent joinder carries a heavy burden in making this showing. *Batoff*, 977 F.2d at 851; *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000) (unpublished op.).

"Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff*, 977 F.2d at 851 (internal quotations and citations omitted). If there is even a possibility that a state court would find the complaint states a cause of action against the non-diverse defendant, the federal court must find joinder was proper and remand the case to state court. *Batoff*, 977 F.2d at 851; *Montano*, 2000 WL 525592, at *1. In determining fraudulent joinder claims, the court must resolve all disputed questions of fact and any uncertainties as to the current state of controlling substantive law in favor of the non-removing party. *Batoff*, 977 F.2d at 852; *Montano*, 2000 WL 525592, at *1.

In this instant action, plaintiff alleges claims against USAA for breach of insurance contract and breach of the duty of good faith and fair dealing. "Normally, only the insurer owes the duty of good faith and fair dealing to its insured." *Wathor v. Mutual Assur. Adm'rs. Inc.,* 87 P.3d. 559, 562 (Okla. 2004). "However, the imposition of a

nondelegable duty on the insurer does not necessarily preclude an action by an insured against a plan administrator for breach of an insurer's duty of good faith." *Id.* "[S]uch a duty may be imposed on a plan administrator where, under the specific facts and circumstances of the case, the plan administrator acts sufficiently like an insurer such that there is a 'special relationship' between the plan administrator and the insured that gives rise to the duty." *Id.* at 564. In his Petition, plaintiff alleges:[2]

> 17. USAA had a duty to deal fairly and in good faith with the Plaintiff.
>
> 18. USAA unreasonably failed to deal with its own insured and, as a result, breached its duty to deal fairly and in good faith with Plaintiff in several ways, including but not limited to the following: failing to timely, properly, and reasonably investigate and evaluate Plaintiff's entitlement to his underinsured motorist coverage, in light of each compensable element of recoverable damages; unreasonably interfering with Plaintiff's right to recover underinsured motorist benefits to which he is entitled by placing unreasonable and irrelevant impediments in the way of prompt payment.

Defs.' Notice of Removal [docket no. 1] Ex. 4, Petition ¶¶ 17-18. Plaintiff contends that it can, at a minimum, establish a conceivably plausible claim against USAA for the breach of the duty of good faith and fair dealing and attributes USAA GIC's conduct and handling of his UM claim to a pattern and practice instituted by USAA.

Having carefully reviewed the parties' submissions and the Petition, the Court finds that there is a possibility that an Oklahoma court would find plaintiff's Petition states a cause of action for breach of the duty of good faith and fair dealing against

---

[2] In his Petition, plaintiff collectively refers to Defendants as USAA.

USAA. Specifically, the Court finds in his Petition, plaintiff alleges a direct claim of breach of the duty of good faith and fair dealing against USAA, not an alter ego or vicarious liability claim. The Court finds that Section 682 does not prohibit a suit or claim of direct liability against a shareholder; therefore, there is a reasonable basis in fact and a colorable ground supporting plaintiff's breach of the duty of good faith and fair dealing claim against USAA. Because this Court must resolve all disputed questions of fact in favor of plaintiff, the Court finds that there is a possibility that plaintiff could establish that USAA acted in bad faith when it failed to properly compensate plaintiff under his UM policy.

Accordingly, because the Court finds that there is a possibility that plaintiff could establish a breach of the duty of good faith and fair dealing claim against USAA, the Court finds that USAA is not fraudulently joined. Therefore, the Court GRANTS Plaintiff Wade Lavoy's Motion to Remand [docket no. 16] and REMANDS this action to the District Court of Jackson County, State of Oklahoma.

**IT IS SO ORDERED this 17th day of April, 2015.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE